Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Richard A. Hadsell | Case No: 3:12-CV-00235-L-RBB |
|---|---|
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| v. | |
| Mandarich Law Group, LLP and CACH, LLC | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. Richard A. Hadsell, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Mandarich Law Group, LLP and CACH, LLC, with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1692(k).

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

11. Plaintiff is a natural person who resides in the City of San Diego, State of California.

12. Defendant, Mandarich Law Group, LLP, is located in the City of Woodland Hills, in the State of California.

13. Defendant CACH is a Delaware Corporation.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. Sometime before December, 2011, Plaintiff is alleged to have incurred certain financial obligations to MBNA, a nation-wide credit provider. This account was then allegedly acquired by Bank of America, N.A. and later sold to FIA Card Services, N.A.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before December, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debts.

19. This account was then allegedly sold by FIA Card Services, N.A. to CACH, LLC.

20. Subsequently, Mandarich Law Group, LLP, a debt collector and law firm, pursuant to the FDCPA, was retained by CACH, LLC, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

*Unfair or Unconscionable Means*

21. Pursuant to the instructions of CACH, LLC, Mandarich Law Group, LLP, in the name of CACH, LLC, then filed a state court case against Plaintiff on December 30, 2011, in the San Diego Superior Court based on the consumer account that was allegedly in default.

22. In this state court case, Defendants alleged, and demanded, that Plaintiff pay to Defendants 10% interest on the alleged debt from March 8, 2011 through

the date of judgment when Defendants were in possession of documents and had full knowledge at the time of the filing of the State Court Complaint that it could not claim interest greater than 8.9% based on the underlying contract. The 10% demanded was not expressly authorized by the agreement creating the debt or permitted by law.

23. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).

*Illegal Contact Activity*

24. Subsequently, Plaintiff sent to Defendants a letter in which Plaintiff advised Defendants that Plaintiff wished Defendants to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

25. Subsequently however, and all the way through December of 2011, Mandarich Law Group repeatedly telephoned Plaintiff in an attempt to collect the alleged debt after Defendants were notified in writing that Defendants were to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c).  Consequently, Defendants violated 15 U.S.C. § 1692c(c).  Because this action violated the language in 15 U.S.C. § 1692c(c).

26. Further, on or about November 2011, Mandarich Law Group contacted Plaintiff's ex-wife of 15 years, a third party as that phrase is anticipated by 15 U.S.C. §1692c(b), received a communication from Mandarich Law Group which alleged to Plaintiff's ex-wife that Plaintiff was behind on his debts, and that CACH is preparing to sue Plaintiff for the debts allegedly owed CACH. This contact was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the

express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendants violated 15 U.S.C. § 1692c(b).

27. Because this action violated the language in the language in 15 U.S.C. § 1692c(b).

*Account Stated Activity*

28. In the state court case, Defendants brought a cause of action for Account Stated, based on the once alleged financial obligations between Plaintiff and Mandarich Law Group, LLP.

29. In bringing this action, Defendants factual alleged that Plaintiff had previously entered into a new, written contract with Mandarich Law Group, LLP, or one of its predecessors in interest.

30. In reality, this statement by Defendants to the court and Plaintiff was false, deceptive, and misleading, because none on the parties to this purported account stated ever assented to a new, written contract between them.

31. This statement by Defendant to the court regarding the purported formation of an "Account Stated" was a fabrication on the part of Defendant for the purpose of providing a foundation to the Account Stated Cause of Action that would allow Defendants to eventually obtain a Default Judgment with little or no evidence.

32. At no time was an account stated ever formed between Plaintiff and anyone.

33. At no time was a balance ever struck between Plaintiff and Mandarich Law Group, LLP, or one of its predecessors in interest.

34. At no time has Plaintiff ever expressly admitted to owing Mandarich Law Group, LLP, or one of its predecessors in interest any money.

35. Plaintiff alleges that when Defendants represented that Plaintiff had entered into an Account Stated, Defendants were deliberately using false, deceptive, and misleading statements or means in an effort by Defendants to deceive Plaintiff, and the state court judge, for the purpose of denying Plaintiff his contractual remedies from a previous contract between Plaintiff and Mandarich Law Group, LLP, or one of its predecessors in interest.

36. Plaintiff alleges that Defendants knew that this claim of an Account Stated was untrue when it made these allegations, and the reason for making these false, deceptive, and misleading allegations was to diminish the legal standard required by Defendants in the state action should Plaintiff default in that case.

37. Even though Defendants alleged in the state case that Plaintiff had previously entered in a new, written contract for an Account Stated, the truth is:

   a) At no time did Defendants, or one of its predecessors in interest, ever make an offer to Plaintiff to enter into an account stated in the matter that was the subject of the state action.

   b) At no time did Plaintiff ever accept an offer by anyone to enter into an Account Stated agreement in the matter that was the subject of the state action.

   c) At no time did Plaintiff and Defendants or one of its predecessors in interest ever discuss, contemplate, or otherwise engage in negotiations for consideration regarding an account stated in the matter that was the subject of the state action.

   d) At no time did Plaintiff and any Defendant, or anyone else, ever agree to enter into an Account Stated regarding the alleged debt in the state action, and the reason Defendants falsely alleging Account Stated was to use false, deceptive, and misleading means to deny Plaintiff his

     legal rights and deny Plaintiff the ability to defend said action under a contract.

   e) At no time did Plaintiff and Defendants or one of its predecessors in interest ever assent to a new contract between them.

38. At no time was there ever an agreed upon balance of the accounts in question in the state case, and even today there is not an agreed upon balance of the accounts, and the contrary factual representations to the state court and Plaintiff, by Defendants, were the false, deceptive, and misleading representations or or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10).

39. At no time was there ever an account which had been examined and accepted by the parties in the state case, and the contrary factual representations to the state court and Plaintiff by Defendants were the false, deceptive, and misleading representations or or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and § 1692e(10).

40. At no time was there ever an admission, acceptance, or agreement by the parties to the state action that the account was correct, nor was there a balance struck in the matter that was the subject of the state action, nor was it agreed that a balance was due and owing from one party to the other in the matter that was the subject of the state action.

41. No Defendant, nor its predecessors in interest, have ever waived any contract between any Defendant, or a predecessor in interest, and Plaintiff in favor of a new contract in the state action, including:

   a) CACH, LLC has never waived any contract allegedly entered into between Mandarich Law Group, LLP, or one of its predecessors in interest, and Plaintiff.

     b) Mandarich Law Group, LLP has never waived any contract allegedly entered into between Mandarich Law Group, LLP, or one of its predecessors in interest, and Plaintiff.

42. At no time did Defendants ever send, nor did Plaintiff ever receive, any statements of account that included an element of finality in the matter that was the subject of the state action.

43. At no time did Defendants ever send, nor did Plaintiff ever receive, any statements of account that were intended to be an account stated in the matter that was the subject of the state action.

44. At no time was there ever a final, conclusive, acknowledgment of an exact amount due, and contemplating all credits and offsets in the matter that was the subject of the state action.

45. Even to this day, Mandarich Law Group, LLP alleges that a contract between Plaintiff and Mandarich Law Group, LLP was entered into prior to the filing of the state lawsuit, and that this contract is still in effect, that the terms in this contract are still in effect, and that neither the contract nor any of the contract's terms have ever been waived, or replaced, and any contrary representation to the contrary is false.

46. In summary, at no time did Plaintiff ever agree to enter into an Account Stated with Defendant or one of its predecessors in interest, and the allegation by Defendants that this occurred is false, deceptive, and misleading. The certification by Defendants regarding the formation of an Account Stated, which did not occur here, constitutes a false, deceptive, or misleading representations or means in connection with the collection of a debt.

47. This allegation of an Account Stated by Defendants is a false, deceptive, and misleading fraud on the state court designed to mislead the court and deny Plaintiff his contractual rights including, but not limited to, the right to engage

in arbitration, or to recover attorneys' fees and costs, with regard to a dispute regarding this alleged debt.

48. Had Defendants not engaged in this false, deceptive, and misleading behavior, Plaintiff could have engaged an attorney, conducted discovery, retained experts, and otherwise properly defended myself in the underlying case without fear of incurring the considerable expenses associate with such activities.

49. This Accounted Stated cause of action had no merit, or evidentiary support and was an attempt to collect a debt in violation of 15 U.S.C. § 1692f, f(1).

50. Further, pursuant to Code of Civil Procedure § 128.7(b)(3), Mandarich Law Group, LLP and CACH, LLC certified to Plaintiff, and the state court, that Mandarich Law Group, LLP's allegations of account stated had evidentiary support, when in fact, Mandarich Law Group, LLP and CACH, LLC did not possess any evidence of any account stated, such as a new written contract.

51. Had Defendants believed in good faith that such evidence existed and could have eventually be obtained, Defendants had a duty to so state in the state complaint, thereby complying with CCP § 128.7(b)(3).  Instead, however, Defendants chose to ignore CCP § 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP § 128.7(b)(3), thereby falsely giving the impression to the state court and Plaintiff that Defendants had evidence to support their claims.

52. Through this conduct, Defendant again used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

*Damages*

53. As a result of Defendants' illegal conduct, Plaintiff incurred necessary and reasonable attorneys fees and costs to defend the collection case in state court.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**[AS TO ALL DEFENDANTS]**

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

56. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Anything further relief the Court deems just and proper.

//
//
//
//

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: October 10, 2012        By:   /s/ Robert L. Hyde
                                    Robert L. Hyde
                                    Attorneys for Plaintiff