Nicole M. Strickler (IL6298459)
166 W. Washington St., Suite 300
Chicago, IL 60602
(312) 334-3442 Telephone
(312) 334-3434 Facsimile
strickler@messerstilp.com

Attorneys for Defendants
CACH, LLC and
MANDARICH LAW GROUP, LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HADSELL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CACH, LLC and MANDARICH LAW GROUP, LLP,<br><br>　　　　Defendants. | CASE NO. 3:12-CV-0235-L -RBB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES** |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56 Defendants, CACH, LLC ("CACH") and Mandarich Law Group, LLC ("MLG"), hereby submit their Memorandum of Points and Authorities in support of their Motion for Summary Judgment:

## STANDARD

1

CASE NO. 3:12-CV-0235-L -RBB

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). "The burden on the party moving for summary judgment depends on who bears the burden at trial." *Owings v. Hunt & Henriques*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal. 2010).  Where "the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonably jury could find for the non-moving party."  *Fara Estates Homewoners Ass'n v. Fara Estates, Ltd.*, 134 F.3d 377, 378 (9th Cir. 1997).  Where, as here, the moving party would not bear the burden at trial, then it can meet its burden on summary judgment by pointing to the absence of evidence with respect to any one element of the claim.  *Owens*, 2010 U.S. Dist. LEXIS 91819 at *3.

## ARGUMENT

I. DEFENDANTS' REQUEST FOR 10% INTEREST IN THE PRAYER FOR RELIEF OF THE STATE COURT COMPLAINT DOES NOT CONSTITUTE A VIOLATION OF §1692(e) or (f).

Defendants' request in the state court complaint's prayer for relief for 10% interest on the claim does not constitute an attempt to collect an unauthorized amount in violation of §1692(f).  If the state court finds that an account stated

exists between CACH and Plaintiff, CACH is entitled by California law to request 10% interest from the date of the breach.  *See*, Cal. Civ. Code. §3289(b) ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.").

In Count II of the state court complaint, CACH brought an account stated claim, in the alternative to its breach of contract claim in Count I.  *See* SMF ¶18. An account stated is "a writing which exhibits the state of account between parties and the balance owing from one to the other, and when it is assented to . . . becomes a new contract."  *Gardner v. Watson*, 170 Cal. 570, 574 (1915).  As an account stated claim is a contract—particularly, a contract that does not stipulate a rate of interest—CACH may charge the rate provided in Cal. Civ. Code §3289(b). Thus, Defendants are not attempting to collect an amount unauthorized by law in violation of §1692(f)(1).

In analyzing this issue, the opinion in *Smyth v. Merchs. Credit Corp.* is instructive.  In *Smyth*, plaintiff argued that a prayer for relief which included an estimated $20.00 *ex parte* fee before it was mandated by statute violated the FCPA. *See Smyth v. Merchs. Credit Corp.*, 2012 U.S. Dist. LEXIS 85524, *2 (W.D. Wash. June 19, 2012). The Court explained that while the fee was not mandatory, the Court had the ability to assess costs pursuant to statute.  *Id.* at *7-8.

Accordingly, because the court could assess the costs, the inclusion of the request in the prayer for relief did not constitute an attempt to collect an unauthorized amount in violation of §1692(f). *Id.*  The Court added that, regardless, the request was not material and thus, not actionable under §1692(e) or (f).  *Id.* at *9. A statement is material if it frustrates the Plaintiff's ability to intelligently choose actions concerning his debt. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).  In *Smyth*, "the request [for the estimated costs did] not concern the actual debt at all; rather it [was] a request directed to the court for possible costs upon judgment as well as notice to the Plaintiff of potentially statutory costs. Furthermore, this potential cost [did] not alter the avenues of debt action already available to her." *Id.* at *9; *see also Winn v. Unifund CCR Partners*, 2007 U.S. Dist. LEXIS 24939 (D. Ariz. Mar. 30, 2007) (explaining that a request in a prayer for relief is just that, a request).

    Here, Defendants included a request for 10% interest in the prayer for relief. *See* SMF ¶19.  Like in *Smyth*, the Court is able to assess 10% interest from the date of the breach pursuant to statute—Cal. Civ. Code. §3289(b).  Similarly to *Smyth*, this request was included in a prayer for relief, which is a request to the Court and serves as notice to Plaintiff of a potential cost.  Accordingly, as in *Smyth*, the statement is not actionable under §1692(e) or (f).

    II.    THERE IS NO EVIDENCE MLG RECEIVED A CEASE AND DESIST LETTER FROM PLAINTIFF.

Plaintiff's claim under § 1692(c)(b) suffers from a fatal flaw in that there is no evidence in the record that MLG received a cease and desist letter from Plaintiff.  Section 1692(c)(b) states, in relevant part, that

> "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. . .[i]f such notice from the consumer is made by mail, notification shall be complete upon receipt."

Thus, in order to survive summary judgment, Plaintiff must present more than his own self-serving testimony that he sent a cease and desist letter.  *Nichols v. GC Servs., LP*, 423 Fed. Appx. 744, 745 (9th Cir. Ariz. 2011).  He must provide evidence that MLG actually received his correspondence.  *Id.*  Plaintiff cannot do so in this case.

While it is true evidence that a letter was properly directed and mailed creates a rebuttable presumption of delivery, Plaintiff has failed to provide evidence that his correspondence was properly directed and mailed.  *Id.*  (citing *Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1009 (9th Cir. 2003)). Plaintiff testified that he sent correspondence to MLG "[t]hrough the United States Postal Service" that stated "[s]omething to the effect of, 'Stop contacting me. Stop writing me letters. Stop phone-calling me. Stop putting me on the computer-generated caller list and leaving messages on my phone. And that I do not owe this debt.'" *See* SMF ¶9.  However, he could not identify, even approximately, when he sent the

correspondence. *Id.* at ¶10. He further could not identify the address to which the correspondence was addressed. *Id.* at ¶11. Lastly, he admitted that he had no indication from MLG that it ever received the correspondence. *Id.* at ¶12.

Moreover, even if Plaintiff could provide evidence that his correspondence was properly addressed and mailed, MLG easily overcomes the presumption of receipt. MLG keeps detailed records of correspondence received from debtors and has implemented a standardized system, known as "Eagle," to document and maintain that correspondence. *See* SMF ¶14. The custom and practice of MLG is that any correspondence received from debtors, regardless of delivery, is documented in MLG's system. *Id.* at ¶15. A copy of the correspondence is scanned or imaged into the system so that it may be kept as a part of the debtor's file. *Id.* MLG searched its system as it relates to Plaintiff and there was no documentation of evidence of any correspondence from Plaintiff to MLG. *Id.* at ¶16. Likewise, CACH reviewed its records and could find no indication that correspondence was received from Plaintiff. *See* SMF ¶17. In short, there is no evidence in the record to support an inference that MLG received the correspondence allegedly sent by Plaintiff. As actual receipt is a prerequisite to a violation of §1692(c)(b), there is no question of material fact that judgment should be entered in favor of Defendant on this claim.

Lastly, even if there was enough evidence to support an inference that MLG had received Plaintiff's cease and desist, Plaintiff can provide no evidence that Defendant communicated with Plaintiff after receipt. Plaintiff testified that he could not affirmatively state when he communicated via telephone with MLG. *See* SMF ¶13. His only idea as to the time frame was "[p]ossibly 2010." *Id.* Even if that were the case, any claims based upon these communications would be outside FDCPA's one-year statute of limitations.

The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). The "limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. Idaho 2009). Here, Plaintiff's only evidence as to the dates on which telephone conversations occurred with MLG is his estimate that they occurred "[p]ossibly [in] 2010." Even taking this vague inference as true, the statute of limitations would have run on this claim in 2011, as Plaintiff was aware of his injury at the time of the communication. Plaintiff did not file the instant action until 2012. *See* Original Complaint filed

1/30/2012. Accordingly, any claim for wrongful communications in 2010 would be barred by the FDCPA's limitations period.

III. PLAINTIFF'S "ACCOUNT STATED ACTIVITY" ALLEGATIONS DO NOT CONSTITUTE A VIOLATION OF THE FDCPA.

Plaintiff's only remaining claim is that MLG violated the FDCPA in bringing a claim for account stated, in the alternative, to its breach of contract action against Plaintiff. Plaintiff alleges that in bringing the state court action, "Defendants factual (sic) alleged that Plaintiff had previously entered into a new, written contract with Mandarich Law Group, LLP, or one of its predecessors in interest." *See* Second Amended Complaint ¶29. Plaintiff further concludes that this statement was "false, deceptive, and misleading, because none of the parties to this purported account stated ever assented to a new, written contract between them." *Id.* at ¶30. There is no evidence, however, that Defendants actually made any such statement. In reality, looking at the plain language of the state court complaint, that statement never appears.

The account stated claim is composed of three elements: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969). "When a statement is rendered to a debtor and no reply is made

in a reasonable time, the law implies an agreement that the account is correct as rendered." *Maggio Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (1987).

Plaintiff's theory is simple. An account stated claim is a "new, written contract." *See* Second Amended Complaint ¶ 29. Plaintiff never assented to a "new, written contract" and as a result, Defendants made a misstatement by bringing an account stated claim. This theory, however, is based on a fundamental misunderstanding of the account stated cause of action and has been <u>repeatedly</u> rejected by federal district courts in California. *See e.g.*, *Hashimi v. CACH*, 2012 U.S. Dist. LEXIS 118988 (S.D. Cal., Oct. 31, 2012) (dismissing substantially identical state court complaint with prejudice which alleged creditor's institution of account stated claim violated FDCPA); *Culp v. CACH, LLC,* 2012 U.S. Dist. LEXIS 147633 (S.D. Cal., Sept. 20, 2012) (dismissing FDCPA claim on substantially identical account stated state court complaint); *Odish v. CACH, LLC*, 2012 U.S. Dist. LEXIS 157114 (S.D. Cal., Nov. 1, 2012)(same); *Jackson v. CACH, LLC*, 2012 U.S. Dist. LEXIS 157130 (S.D. Cal., October 31, 2012)(same); *Benedict v. CACH, LLC*, 2012 U.S. Dist. LEXIS 157130 (S.D. Cal., Nov. 1. 2012) (same); *Shubin v. Midland Credit Mgmt., Inc.,* 2008 U.S. Dist. LEXIS 123810 *5 (C.D. Cal. 2008) (granting summary judgment in favor of defendant on FDCPA claim based upon complaint seeking to recover unpaid credit card debt asserting account stated claim); *Greenberg v. Hunt & Henriques,* 2011 U.S. Dist. LEXIS

116992, *9 n.2 (C.D. Cal. 2011) (noting that the Court's independent research did not find any support for the proposition that common counts cannot form the basis of a lawsuit to recover an unpaid credit card account); *Heathman v. Portfolio Recovery Assocs.*, 2013 U.S. Dist. LEXIS 27057 (S.D. Cal. 2013) (institution of account stated and assumpsit claims in state court complaint did not constitute FDCPA violation even though claim could not be proven and consumer did not even owe debt).

In essence, Plaintiff makes the same argument recently rejected in *Heathman*. In *Heathman*, Plaintiff argued that the institution of an account stated claim was a violation of the FDCPA because it was destined to fail on the merits. *Heathman v. Portfolio Recovery Assocs.*, 2013 U.S. Dist. LEXIS 27057 at *9-10. The Court rejected this argument outright because merely filing a cause of action does not give rise to FDCPA liability. *Id.* at *10; *see also Mansfield v. Midland Funding, LLC*, 2011 U.S. Dist. LEXIS 34102 (S.D. Cal. 2011) ("[A] debt collector may file a debt collection action even if the debt collector does not at the time of filing have adequate proof to support the claim."). Such an argument is directly inconsistent with the purposes of the FDCPA, as a non-frivolous lawsuit is one of the fairest means of collecting a debt. *See Medialdea v. Law Office of Evan L Loeffler PLLC*, 2008 U.S. Dist. LEXIS 109013 (W.D. Wash., June 19, 2008). Yet, Plaintiff continues to argue that Defendants violated the FDCPA because the

account stated claim will fail in state court. It should be noted, for the record, that there is no evidence in this case that Defendants' account stated claim will be unsuccessful. Moreover, the state court case is not set to go to trial for many months. Accordingly, as in *Heathman*, Defendants' motion for summary judgment must be granted.

WHEREFORE, Defendants respectfully request that this Court enter summary judgment in Defendants' favor, and for any other such relief this Court deems appropriate.

DATED: March 12, 2013         MANDARICH LAW GROUP, LLP
                              CACH, LLC

                              By:/s/Nicole M. Strickler
                              Nicole M. Strickler
                              Attorney for Defendants
                              CACH, LLC and
                              Mandarich Law Group, LLP