Nicole M. Strickler (IL6298459)
166 W. Washington St., Suite 300
Chicago, IL 60602
(312) 334-3442 Telephone
(312) 334-3434 Facsimile
strickler@messerstilp.com

Attorneys for Defendants
CACH, LLC and
MANDARICH LAW GROUP, LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HADSELL,<br><br>           Plaintiff,<br><br>  vs.<br><br>CACH, LLC and MANDARICH LAW GROUP, LLP,<br><br>           Defendants. | CASE NO. 3:12-CV-0235-L -RBB<br><br>**STATEMENT OF MATERIAL FACTS** |

    1.     On August 24, 2004, Plaintiff opened a credit account with MBNA. *See* Affidavit of Sale and Certification of Debt, produced by FIA Card Services during discovery as FIA005, attached as Exhibit A.

    2.     The Account contained a promotional 0% annual percentage rate (APR) on balance transfers and check cash advances though the statement

1

closing date of February 2005. *See* Welcome Letter, produced by FIA Card Services during discovery as FIA031-FIA034, attached as Exhibit B.

    3.    Thereafter, the Account was changed to a "WorldPoints" account when MBNA America Bank, N.A. was renamed as FIA Card Services, N.A. *See* New Card Letter produced by FIA Card Services during discovery as FIA039-FIA042, attached as Exhibit C; West Deposition Transcript, P. 10, L. 3-11, relevant portions attached as Exhibit D.

    4.    From December 2008 to June 2010, Plaintiff made numerous purchases on his WorldPoints Account at an interest rate of 8.9%. *See* January 2009 through February 2011 Statements, previously produced by FIA Card Services during discovery as FIA078-FIA161, attached as Exhibit E; *see also* "Changes to Your Credit Card Agreement," produced by FIA Card Services during discovery as FIA006, and attached as Exhibit F (documenting interest rate change to 8.9%).

    5.    Plaintiff made regular payments on Account purchases, up until May 12, 2010. *See* Exhibit E (FIA102 details his last payment); *see also* Checks, attached as Exhibit G, which Plaintiff admits to sending as payment – *See* Hadsell Deposition Transcript P. 57, L. 12 to P. 59, L. 6, relevant portions attached as Exhibit H.

6.   Plaintiff did not make another payment after May 12, 2010. *See* Exhibit E at FIA078-FIA101.

7.   On February 9, 2011, the Account was sold, transferred and set over unto CACH, LLC ("CACH"), with full authority to do and perform all acts necessary for collection, settlement, adjustment, compromise or satisfaction of the said claim. *See* Exhibit A.  As of that date, there was due and payable on the Account the sum of $5,606.24, with all just and lawful offsets, payments, and credits having been allowed. *Id.*; *see also* Exhibit E at FIA078.   There were no uncredited payments, just counterclaims or offsets against the Account when sold. *See* Exhibit A.

8.   CACH engaged Mandarich Law Group, LLP ("MLG") to assist in collecting the debt and sent Plaintiff's file over in November 2011. *See* Second Amended Complaint ¶20; Exhibit I; P. 25, L. 19-22.

9.   Plaintiff believes he sent correspondence to MLG "[t]hrough the United States Postal Service" that stated "[s]omething to the effect of, 'Stop contacting me. Stop writing me letters. Stop phone-calling me. Stop putting me on the computer-generated caller list and leaving messages on my phone. And that I do not owe this debt.'" *See* Exhibit H, L. 13 to P. 34, L. 5.

10.   Plaintiff cannot identify, even approximately, when he sent the correspondence to MLG. *See* Exhibit H, P. 33 L. 9-10.

11. Plaintiff also cannot identify the address to which the correspondence was addressed. *See* Exhibit H, P. 33, L. 23-24.

12. Plaintiff received no indication from MLG that MLG ever received the correspondence. *See* Exhibit H, P. 34, L. 10-12.

13. Plaintiff claims he communicated with MLG by telephone, but cannot not affirmatively state when. *See* Exhibit H, P. 30, L. 16-17. His only idea as to the time frame was "[p]ossibly 2010." *Id.* P. 30, L. 8-9.

14. MLG keeps detailed records of correspondence received from debtors and has implemented a standardized system, known as "Eagle," to document and maintain that correspondence. *See* Vos Deposition Transcript P. 29, L. 19-24, relevant portions attached as Exhibit I.

15. The custom and practice of MLG is that any correspondence received from debtors, regardless of delivery, is documented in MLG's system. *See* Exhibit I, P. 30, L. 8-18. A copy of the correspondence is scanned or imaged into the system so that it may be kept as a part of the debtor's file. *Id.* at P. 30, L. 19-21.

16. MLG searched its system as it relates to Plaintiff and there was no documentation of evidence of any correspondence from Plaintiff to MLG. *See* Exhibit I, P. 30, L. 2-7.

17. Likewise, CACH reviewed its records and could find no indication that correspondence was received from Plaintiff. *See* Exhibit D, P. 58, L. 21 to P. 59, L. 7.

18. MLG filed a lawsuit in state court against Plaintiff on behalf of CACH on December 29, 2011. *See* State Court Complaint, attached as Exhibit J. The State Court Complaint included an account stated claim, in the alternative to the breach of contract claim. *Id.*

19. The State Court Complaint included a request for 10% interest in the prayer for relief of the account stated claim. *See* Exhibit J.

DATED: March 12, 2013          MANDARICH LAW GROUP, LLP
CACH, LLC

By:/s/Nicole M. Strickler
Nicole M. Strickler
Attorney for Defendants
CACH, LLC and
Mandarich Law Group, LLP