Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Richard Hadsell

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Hadsell,<br><br>                    Plaintiff,<br><br>v.<br><br>CACH and Mandarich Law Group, LLP,<br><br>                    Defendants. | Case No: 12-CV 0235 L RBB<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS**<br><br>**Date: April 29, 2013<br>Time: 10:30 AM<br>Courtroom 5B<br>Judge: Hon. M. James Lorenz** |

## I. INTRODUCTION

Plaintiff moves for partial summary judgment as to an issue that is undisputed. Defendants sued Plaintiff in state court for an alleged debt that was incurred to FIA and/or Bank of America. This account was later sold to Defendant CACH, LLC ("CACH") who utilized the collection services of law firm the Mandarich Law Group, LLP ("Mandarich"). In that collection action Defendants used "unfair or unconscionable means" by attempting to collect an amount, specifically an inflated interest rate, when that rate was not expressly authorized by the agreement or permitted by law. In a subsequent deposition, Defendants admitted under oath that it had hoped to collect 10% interest when no more than 8.9% was owed. Because both the FDCPA and California's Rosenthal Act are strict liability statutes, partial judgment should be found for Plaintiff with an award of $2,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

## II. MATERIAL UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

On December 30, 2011, attorney Ryan Vos of Mandarich Law Group, LLP, on the instructions of CACH, reviewed the final charge off statement sent to Plaintiff (dated January 2011) and filed a California state civil complaint against Plaintiff Richard Hadsell, in the Superior Court of California, County of San Diego, in El Cajon, California. *Decl. of J. Swigart, Ex B* (deposition of attorney Ryan Vos) 23:16 - 24:12; *Plaintiff's Request for Judicial Notice, Exhibit A* (State Court Complaint). In this complaint, Defendants alleged that Plaintiff owed Defendants $5,606.24 plus interest in the amount of "10 percent per annum from on and after March 08, 2011." *Id*. This was patently false, as the documentation Defendants had, evidenced that any agreed upon interest rate between Plaintiff Hadsell and FIA and/or Bank of America was 8.9%. *Decl. of Hadsell*, ¶¶ 4-10; *Decl. of J. Swigart, Ex B* (deposition of attorney Ryan Vos) 23:16 - 24:12. Subsequently,

1  Plaintiff was directly served with a summons and complaint on that action by
2  Defendants. *Declaration of Hadsell, ¶ 5.*

3  While the State action was pending, Plaintiff filed the present federal action
4  asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et
5  seq. (FDCPA) and California's equivalent the Rosenthal Act, Cal. Civ. Code § 1788
6  et seq. [Docket No. 1].  Subsequently, on September 26, 2012, CACH produced
7  their corporate representative, Magic West, under F.R.C.P. 30(b)(6).  In this
8  deposition Mr. West stated that CACH had previously acquired Hadsell's alleged
9  debt from FIA Card Services, N.A. a wholly owned subsidiary of Bank of America
10 Corporation, which was a successor in interest to MBNA America, N.A.  *Decl. of J.*
11 *Swigart, Ex A* (deposition of Magic West) 27:23-28:8.  Additionally, Mr. West
12 testified that CACH had hired Mandarich Law Group, LLP to file a collection
13 lawsuit on its behalf.  *Id.* at 9:16-19.

14 During this deposition Mr. West also testified that Defendants were entitled,
15 at best, to 8.9% under the contract they alleged in their state complaint, and not the
16 10% Defendants alleged in their state complaint. *Id.* at 46:6-47:9.  Consequently, as
17 will be seen, the "10 percent per annum from on and after March 08, 2011" that
18 Defendants were attempting to collect in their state court action violated both the
19 Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and
20 Rosenthal Fair Debt Collection Practices Act, California Civil Code §§
21 1788-1788.32 ("Rosenthal Act").  *See Exhibit A to Plaintiff's Request for Judicial*
22 *Notice,(State Court Complaint)*.

23 **III.   LEGAL STANDARD**

24 A motion for summary judgment should be granted if there is no genuine
25 issue of material fact and the moving party is entitled to judgment as a matter of
26 law.  Fed. R. Civ. P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48,
27 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  The moving party bears the initial
28 burden of informing the court of the basis for the motion, and identifying portions

1  of the pleadings, depositions, answers to interrogatories, admissions, or affidavits
2  which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v.*
3  *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In order to
4  meet its burden, "the moving party must either produce evidence negating an
5  essential element of the nonmoving party's claim or defense or show that the
6  nonmoving party does not have enough evidence of an essential element to carry its
7  ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz*
8  *Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).
9        Summary judgment shall be rendered where the pleadings, depositions,
10  answers to interrogatories, admissions on file and affidavits demonstrate the lack of
11  any genuine issues of material fact, and that the moving party is entitled to a
12  judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). The entry of summary
13  judgment is inappropriate where there exists a genuine and material issue of fact.
14  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2509–10,
15  91 L. Ed. 2d 202 (1986). Substantive law defines which facts are material and only
16  disputes over facts that might affect the outcome of the case will defeat summary
17  judgment. *Id.* at 248, 106 S. Ct. at 2510. A factual dispute is genuine if a
18  "reasonable jury could return a verdict for the non-moving party." *Id.*

19  **IV.  ARGUMENT**

20        Defendants are both debt collectors pursuant to the Fair Debt Collection
21  Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Rosenthal Fair Debt
22  Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").
23  *Defendant's Answer* [Docket No. 6 ¶¶ 15] ; *Decl. of J. Swigart, Ex C* (Deposition of
24  Magic West). When a debt collector uses false, deceptive, and misleading
25  representations or means in a state court complaint while attempting to collect a
26  debt, this conduct violates the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d
27  1027, 1031-32 (9th Cir. 2010)("…a complaint served directly on a consumer to
28  facilitate debt-collection efforts is a communication subject to the requirements of

§§ 1692e and 1692f.")  See also, *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950-951 (9th Cir. Mont. 2011) (repeating the holding in *Donohue* that the FDCPA applies to both the filing of complaints and the service of settlement letters, and clarifying that the FDCPA "applies to the litigating activities of lawyers.")

Here the defendants were hoping to collect 10% interest on a debt that contractually provided for no more than 8.9% interest. *Decl. of J. Swigart, Ex A* (deposition of Magic West) 46:6-47:9.  The FDCPA makes it illegal for a debt collector to collect a debt that is overstated. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1178 (9th Cir. Or. 2006) (When a debt collector seeks to collect an amount that is not permitted by law, this conduct violates 15 U.S.C. § 1692f(1)). 15 U.S.C. § 1692f(1) is at the heart of this matter.  "Under the FDCPA, a debt collector cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).  *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1005 (9th Cir. Ariz. 2008).

The FDCPA is a strict liability statute that provides that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).  See also, *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949 (9th Cir. Mont. 2011) (same).

In his deposition, Mr. West testified that he believed Defendants could collect 10% pre-judgment statutory interest in California.  *Decl. of J. Swigart, Ex A* (deposition of Magic West) 46:10-13.  However, California's 10% interest is only

for post-judgment interest, not pre-judgment interest.  Cal. Civ. Proc. Code § 685.010.  Pre-judgment interest is provided for by contract, and the contract that Defendants allege provides for 8.9% interest, pre-judgment. *Exhibit A to Declaration of Joshua Swigart,* (Deposition of Magic West) *46:20-47:3; Declaration of Hadsell ¶¶ 8-9.*

As the court noted in *Hahn v. Triumph P'ships LLC*, 557 F.3d 755 (7th Cir. Ill. 2009), "A dollar due is a dollar due.  Applying an incorrect rate of interest would lead to a real injury." *Hahn*, 557 F.3d at 757.  That is exactly what is happening here - real injury.

Even collections attempting to collect "slightly overstated" interest calculations violate the FDCPA.  In *Duffy v. Landberg*, a debt collector attempted to collect $1.29 for one consumer, $1.84 for the second, and $.65 for a third.  The court held that the amount made no difference.  *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. Minn. 2000) ("Finally, although the interest calculations were admittedly only slightly overstated, the letters seeking these overstated interest charges were nonetheless an attempt to collect interest not permitted by law, and therefore a violation of the plain language of section 1692f(1).")

Finally, even if Defendants were mistaken in their belief about the interest rate, it makes no difference.  Mistakes of law do not provide a defense under the FDCPA.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605 (U.S. 2010).

**V.  California's Rosenthal Act establishes liability under California law for violations of the FDCPA.**

The Rosenthal Act incorporates the FDCPA by reference by requiring compliance with the substantive provisions of the FDCPA.  *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 fn. 1 (N.D. Cal. 2006); see also *Abels v. JBC Legal Group*, P.C., 227 F.R.D. 541; citing *Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D.Cal. February, 2005), (California has

1  incorporated by reference the text of certain federal provisions into the [Rosenthal
2  Act], rather than copying them verbatim into the California code.) See also, *Mejia v.*
3  *Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) and *Alkan v.*
4  *Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). In summary, "The
5  Rosenthal Act establishes liability under California law for violations of the
6  FDCPA." *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal.
7  Aug. 28, 2008).

## VI.  CONCLUSION

The issue presented to the Court is straight forward and undisputed. Default judgment in these state debt collection cases is commonplace, and Defendants hoped to be awarded amounts that exceed what it could ever be entitled to if the interest rate were accurately alleged. Defendants illegally attempted to collect interest at a rate of 10%, under a contract that only provided for 8.9%. *Decl. of J. Swigart, Ex A* (deposition of Magic West) 46:6-47:9.  See *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 945, 947 (9th Cir. Mont. 2011), where the court noted that the defendant "testified that approximately 90% of the collection lawsuits resulted in a default judgment," and noting testimony that "a vast majority" of lawsuits against debtors result in default judgments. But the FDCPA, and California's Rosenthal Act, through incorporation, expressly provides that such attempts by debt collectors are illegal.

For the reasons stated above, the Court should grant Plaintiff's partial motion for summary judgment in its entirety as Defendants have no defense to the over charged interest attempted to collect through the State court action.

**HYDE & SWIGART**

Date: March 12, 2013           By: /s/ Joshua B. Swigart
                                   Joshua B. Swigart
                                   Attorneys for Plaintiff