UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HADSELL, <br><br> Plaintiff, <br><br> v. <br><br> MANDARICH LAW GROUP, LLP, *et al.*, <br><br> Defendants. | Case No. 12-cv-235-L(RBB) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 28]** |

On January 30, 2012, Plaintiff Richard Hadsell commenced this action against Defendants CACH, LLC and Mandarich Law Group, LLP alleging various violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On October 15, 2012, Plaintiff filed a Second Amended Complaint ("SAC"). Defendants now move to dismiss Plaintiff's claim relating to the "Account Stated Activity." Plaintiff opposes.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 31.) For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

//

## I.   BACKGROUND

Sometime before December 2011, Plaintiff is alleged to have incurred "certain financial obligations" to MBNA, a nationwide credit provider. (SAC ¶ 16.) Sometime thereafter, but before December 2011, Plaintiff allegedly fell behind in payments on the debt. (*Id.* at ¶ 18.) Bank of America acquired MBNA and later sold the debt to FIA Card Services, Inc., who then allegedly sold the debt to CACH, LLP. (*Id.* at ¶¶ 16–19.) Mandarich Law Group is a law firm retained by CACH to help collect debts. (*Id.* at ¶ 20.)

On December 30, 2011, Defendants commenced an action to collect the debt in the San Diego Superior Court ("State Action") alleging a cause of action for breach of contract and a common count for account stated. (SAC at ¶ 28.) According to Defendants' State Action complaint (or "SA Complaint"), MBNA provided Plaintiff with a credit card subject to written terms and conditions. (SA Compl. ¶ 5 [Doc. 28-3].) Plaintiff used the credit card to make purchases or cash transfers, but he failed to make payments as agreed and neglected monthly statements itemizing the amounts due. (*Id.* at ¶¶ 8–10.) As of March 8, 2011, Plaintiff owed $5,606.24 with interest thereon. (*Id.* at ¶ 11.) Defendants alleged that Plaintiff breached the terms and conditions of the account by failing to pay the amounts due and alleged a common claim for account stated for the amount due. (*Id.* at ¶ 16.)

Plaintiff now alleges that Defendants violated various provisions of the FDCPA when they alleged an accounts-stated cause of action against him in the State Action. (SAC ¶¶ 38–39, 49, 52.) Specifically, Plaintiff states that Defendants fabricated the accounts-stated cause of action with no evidentiary support in order to deliberately deceive and mislead Plaintiff and the state judge, and to deny Plaintiff of his contractual rights to engage in arbitration or recover attorney's fees. (*Id.* at ¶¶ 31, 35.) Plaintiff further alleges that such "false, deceptive, and misleading behavior" denied him of his ability to engage an attorney, conduct discovery, retain experts, and properly defend himself without fear of incurring considerable expenses in such activities. (*Id.* at ¶ 48.) He additionally alleges that Defendants' account-stated claim has no merit or evidentiary support. (*Id.* at ¶ 49.)

//

On January 30, 2012, Plaintiff commenced this action against Defendants, alleging various violations of the FDCPA. Plaintiff amended his complaint twice, the most recent amendment occurring on October 15, 2012 when he filed his SAC. Defendants now move to dismiss Plaintiff's claim relating to the "Account Stated Activity." Plaintiff opposes.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Defendants request judicial notice of their state-court complaint and summons relating to the underlying State Action. (Docs. 28-2, 28-3.) Plaintiff has not opposed. Accordingly, the Court **GRANTS** Defendants' request. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request to take judicial notice of pleadings filed in a related state court matter).

## III.   DISCUSSION

"The FDCPA prohibits debt collectors 'from making false or misleading representations and from engaging in various abusive and unfair practices.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. § 1692e. More specifically, section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1692f prohibits the collection or attempted collection of debt through any "unfair or unconscionable means," and "the collection of any amount . . . unless such an amount is expressly authorized by the agreement creating the debt or permitted by law"

is a violation of § 1692f(1). 15 U.S.C. §§ 1692f, f(1). "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue*, 592 F.3d at 1030 (internal quotation marks omitted).

### A.   Sections 1692e and 1692e(10)

"The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due. *Zinn v. Fred R. Bright Co., Inc.*, 271 Cal. App. 2d 597, 600 (1969). "The agreement of the parties necessary to establish an account stated need not be express and frequently is implied from the circumstances," including in situations where the debtor fails to object to a statement of the account within reasonable time. *Id.* California law permits the use of common counts as a means to collect unpaid credit card debt. *See, e.g.*, *HSBC Bank Nev., N.A. v. Aguilar*, 205 Cal. App. 4th Supp. 6 (2012). Federal courts in California "have rejected the notion that an action for unpaid credit card debt must be for a breach of an original credit card agreement rather than for an account stated." *Odish v. CACH, LLC*, No. 12cv1710, 2012 WL 5382260, at *5 (S.D. Cal. Nov. 1, 2012) (Battaglia, J.) (internal quotation marks omitted).

Plaintiff contends that Defendants violated Sections 1692e and 1692e(10) by filing a deliberately untrue and deceptive cause of action in the State Action. However, Defendants properly stated an accounts-stated claim in the State Action. In the State Action, Defendants alleged that they issued a credit card to Plaintiff, which he used to make purchases, take cash advances, and/or make balance transfers. (SA Compl. ¶ 8.) Defendants also alleged that they sent monthly statements to Plaintiff itemizing payments made and charges due, which totaled $5,606.24; however, despite making such a demand, he refused to pay the amount. (*Id.* ¶¶ 9, 11.) Such allegations may form the basis of an account stated—the transactions between the parties establish the relationship of a debtor and creditor, Defendants made a demand upon

Plaintiff after he fell behind on payments, and Plaintiff may be found to have implicitly agreed to the terms of the account stated. *See Odish*, 2012 WL 5382260, at *5 (citing California cases *Maggio Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (1987), and *Crofts & Anderson v. Johnson*, 101 Cal. App. 2d 418, 421 (1950), to show that an account stated may be formed when a statement of the amount owed is sent to a debtor and the debtor fails to respond in a reasonable time. thereby implying agreement to the amount owed).  Plaintiff fails provide any factual allegations contradicting the facts upon which Defendants based their account-stated claim.  Instead, Plaintiff asserts only conclusory allegations that the account-stated claim was a "false, deceptive, and misleading" allegation because at no time did the parties agree to an account stated.

Additionally, Plaintiff does not show how the State Action allegations could mislead an unsophisticated debtor. He alleges only that Defendants made an account-stated claim to deny Plaintiff his contractual remedies under the credit card contract and diminish the legal standard required in the case. (SAC ¶¶ 35–36.)  However, as stated above, creditors may allege account-stated actions in the alternative to a breach-of-contract action to collect unpaid credit card debts. Plaintiff fails to provide factual allegations challenging the veracity of the State Action allegations or showing that Defendants falsely seek to collect a debt not actually owed.

Accordingly, the Court dismisses Plaintiff's claims for violations of §§ 1692e and 1692e(10) based on the "Accounted Stated Activity." *See Odish*, 2012 WL 5382260, at *5.

### B.     Sections 1692f and 1692f(1)

Similarly, Plaintiff's alleged violations of Sections 1692f and 1692f(1) rest solely on conclusory allegations, which do not establish a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.  Plaintiff alleges only that the account-stated cause of action had no merit or evidentiary support.  A non-frivolous lawsuit is one of the most fair means to collect a debt and is neither unfair nor unconscionable. *Hashimi v. CACH, LLP*, No. 12cv1010-MMA, 2012 WL 3637383, at *5 (S.D. Cal. Aug. 22, 2012) (Anello, J.)  As stated above, Defendants alleged elements of an accounts-stated claim in the State Action complaint and Plaintiff does not challenge the veracity of those specific allegations.  Additionally, Defendants seek to collect the amount due as

authorized through either a breach of contract or as authorized by the account-stated activities. Therefore, without factual allegations attacking Defendants' underlying basis for these claims, the Court dismisses Plaintiff's claims for violation of § 1692f(1) based on the "Accounted Stated Activity." *See id.*

## IV.     CONCLUSION & ORDER

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims relating to the "Account Stated Activity."

**IT IS SO ORDERED.**

DATED: April 3, 2013

                                       M. James Lorenz
                                       United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL