UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HADSELL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CACH, LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 12-cv-235-L-RBB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 45], AND**<br><br>**(2) DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT [DOC. 46]** |

　　　On December 29, 2011, Defendants CACH, LLC and Mandarich Law Group, LLP, commenced an action to collect a debt in the San Diego Superior Court against Plaintiff Richard A. Hadsell. Plaintiff alleges that Defendants violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") by bringing their action. Furthermore, Plaintiff's claim relating to the "Account Stated Activity" has since been dismissed. (Doc. 51.) Now pending before the Court are the parties' cross-motions for summary judgment. (Docs. 45, 46.)

　　　The Court found these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** Defendants' motion for summary judgment (Doc. 46), and **DENIES** Plaintiff's cross-motion for summary judgment (Doc. 45).

# I. BACKGROUND[1]

Plaintiff opened a credit account with MBNA with an initial 0% annual percentage rate on balance transfers and check cash advantages through the statement closing date of February 2005. (JSUF ¶¶ 1–2.) According to Defendants' state-court complaint (or "State Complaint"), MBNA provided Plaintiff with a credit card subject to certain written terms and conditions. (State Compl. ¶ 5 [Doc. 28-3].) Plaintiff's account was later changed to a "WorldPoints" MBNA account with a contractual interest rate of 8.9% and then sold to Bank of America. (JSUF ¶¶ 3, 7; Defs.' Exs. C & D.) After May 12, 2010, Plaintiff did not make another payment on the account. (JSUF ¶ 6.) On February 9, 2011, Plaintiff's account owing $5,606.24 was sold, transferred and sent over to CACH with the full authority to do and perform all acts necessary for collection, settlement, adjustment, compromise or satisfactions of the claim. (*Id.* ¶ 7.) In November 2011, CACH contacted the law firm Mandarich Law Group to assist in collecting the debt. (*Id.* ¶ 9.)

Defendants commenced an action to collect the debt in the San Diego Superior Court on December 29, 2011, alleging a cause of action for breach of contract and a common count for account stated. (JSUF ¶ 11.) Defendants alleged that Plaintiff breached the terms and conditions of the account by failing to pay the amounts due and alleged a common claim for account stated in the amount due. (State Compl. ¶ 16.) The state-court complaint included a request for 10% interest in the prayer for relief with regards to the breach of contract claim. (JSUF ¶ 12.)

Plaintiff alleges that Defendants violated the FDCPA when they requested a 10% interest rate with regard to the breach-of-contract claim, misrepresenting the interest to be higher than the 8.9% originally stipulated. (SAC ¶ 22.) Defendants argue that the 10% interest rate is the default interest rate under California Civil Code § 3289(b) when there is no specified rate. (Def.'s Reply at 7 [Doc. 59].) They contend that a new contract was formed between Plaintiff and Defendants when CACH issued an account stated. *Id.* Both parties have move for summary judgment on the issue.

---

[1] The parties filed a Joint Statement of Undisputed Facts ("JSUF"). Much of the following background is based on that Joint Statement.

## II.    LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

//
//
//
//

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## III. DISCUSSION[2]

"The FDCPA prohibits debt collectors 'from making false or misleading representations and from engaging in various abusive and unfair practices.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. § 1692(e). More specifically, § 1692(e)(10) prohibits "the use of any false representation or deceptive means to

---

[2] Plaintiff raises evidentiary objections to *every* exhibit that Defendants presents. (*See* Pl.'s Opp'n 5:12 [Doc. 55]) However, Plaintiff provides little legal analysis to support his contentions. Plaintiff's objections to the exhibits center on whether the exhibits are authenticated so that they could be admissible. At the summary-judgment stage, "we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Plaintiff does not attack the admissibility of the contents of the documents, but rather merely concludes that they are hearsay. Consequently, insofar as the Court's reliance on any of the evidence that Plaintiff presents, the Court **OVERRULES** Defendants' objections. That said, if a particular piece of evidence warrants further discussion, the Court will address the issue.

collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10). Section 1692(f) prohibits the collection or attempted collection of debt through any "unfair or unconscionable means," and "the collection of any amount . . . unless such an amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of § 1692(f)(1). 15 U.S.C. §§ 1692(f), (f)(1). "Whether conduct violates §§ 1692e or 1692(f) requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue*, 592 F.3d at 1030 (internal quotation marks omitted).

Plaintiff argues that by attempting to collect 10% interest on the debt, Defendant is violating § 1692(f) of the FDCPA because 10% is not the stipulated interest rate in the agreement that created the debt. Defendant argues that requesting a 10% interest rate, while not in the original agreement, is authorized by California Civil Code § 3289(b) because a new contract was created by a claim for account stated. Plaintiff never directly rebuts this, and instead insists that 8.9% interest is the appropriate rate, and that Defendant is *per se* in violation of the FDCPA by requesting a higher rate. Plaintiff repeatedly concludes that "a contract is a contract," but never specifies why the account stated is not the operative contract.

Likewise, Defendant fails to present facts showing Plaintiff's assent that indicates a new contract was indeed formed by the account stated. Defendant further confuses this Court's previously issued order dismissing Plaintiff's FDCPA claim, believing it to affirmatively hold that an account stated was created and can be used as a new contract. Defendant does not present any other evidence showing why their purported contract should be the operative contract. Plaintiff also does not present evidence demonstrating that their purported contract is the operative contract.

Neither party meets their burden to show that there are no genuine issues of material fact. *See Celotex*, 477 U.S. at 323. By neither directly addressing each others' arguments nor presenting vital evidence, there is a genuine issue of material fact regarding which contract is the operative one. *See id.* Determining the operative contract is essential to determine the appropriate interest rate, which is the core issue in this FDCPA action.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendants' motion for summary judgment (Doc. 45), and **DENIES** Plaintiff's cross-motion for summary judgment (Doc. 46).

**IT IS SO ORDERED.**

DATED: August 22, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL